UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAW OFFICES OF CORY J. HILTON,<br><br>Plaintiff(s),<br><br>v.<br><br>KARL DINKEL, et al.,<br><br>Defendant(s). | Case No.2:23-CV-1151  JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Principal Life Insurance Company ("Principal Life")'s motion to dismiss.  (ECF No. 6).  Plaintiff Law Offices of Cory J. Hilton ("plaintiff") filed a response (ECF No. 8), to which Principal Life replied.  (ECF No. 15).

Also before the court is defendant Karl Dinkel ("Dinkel")'s motion to dismiss.  (ECF No. 10).  Plaintiff filed a response (ECF No. 21), to which Dinkel replied.  (ECF No. 24).

Also before the court is plaintiff's motion to remand this case to state court.  (ECF No. 9).  Principal Life filed a response (ECF No. 19), to which plaintiff replied.[1]  (ECF No. 23).

**I.    Background**

This action arises out of a contractual dispute between plaintiff and defendants.  On September 19, 2011, Dinkel was involved in a motor vehicle accident while on duty as a police officer in Henderson, Nevada.  (ECF No. 1-4 at 3).  Subsequently, Dinkel retained plaintiff to

---

[1] Defendant Karl Dinkel joined in Principal Life's response to plaintiff's motion to remand. (ECF No. 20).

represent him in his workers' compensation claim against the City of Henderson. (*Id.* at 1-2, 3). Plaintiff and the City of Henderson eventually negotiated a settlement agreement related to Dinkel's workers' compensation claim. (*Id.* at 4).

Dinkel also has a claim for long-term disability ("LTD") benefits under a policy insured by Principal Life that Principal Life argues is separate from his workers' compensation claim. (*Id.* at 3-4; ECF No. 6-1 at 2-3). Following settlement, plaintiff notified Principal Life of its alleged failure to acknowledge Dinkel's owed benefits. (ECF No. 1-4 at 5). Plaintiff then perfected an attorney's lien for fees and costs arising under the retainer agreement executed by plaintiff and Dinkel, constituting 40% of total recovery benefits arising from the litigation with the City of Henderson.[2] (*Id.*).

Plaintiff filed its complaint against Principal Life and Dinkel, asserting causes of action for breach of contract and declaratory relief based on defendants' failure to respond to plaintiff's payment demand. (*Id.* at 4-6). Defendants seek dismissal of plaintiff's complaint. (ECF Nos. 6; 10). Dismissal as to Principal Life is appropriate, as Principal Life is not a contemplated party in the retainer agreement executed by plaintiff and Dinkel. The court also grants Dinkel's motion to dismiss because the retainer agreement does not permit plaintiff to collect 40% of the LTD insurance proceeds.

Additionally, plaintiff filed a motion to remand the case to state court, alleging that Principal Life's removal to this court was defective because Principal Life never obtained Dinkel's consent to remove the case. (ECF No. 9). As explained, *infra*, Principal Life did not need to obtain

---

[2] Although the complaint is vague, the briefings clarify that the "recovery benefits" sought by plaintiff correspond to the LTD benefits received by Dinkel, exclusive of his workers' compensation claim. Accordingly, the issue before the court is whether plaintiff is entitled to a portion of the LTD benefits.

Dinkel's consent because Dinkel had not been served at the time of removal, thus nullifying the merits of plaintiff's motion to remand.

## II.     Legal Standard

### A.  Motions to remand

Defendants may seek removal of a civil action under 28 U.S.C. § 1441.  Conversely, a plaintiff may challenge removal by timely filing a motion to remand.  28 U.S.C. § 1447(c).  On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992)).  Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remanding the case to state court.  *Id*.

### B.  Motions to dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pleaded complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

when considering motions to dismiss. First, the court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

When the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). Additionally, when the allegations in a complaint have not crossed the line from conceivable to plausible, the plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id*.

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (internal quotation marks omitted).

**III.     Discussion**

    A.  Plaintiff's motion to remand

Plaintiff argues that the court should remand this case because Principal Life's petition for removal was procedurally defective. A defendant desiring to remove any civil action from a state court shall file in the district court of the United States a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant in such action. *See* 28 U.S.C. § 1446(a).

Plaintiff's lone concern with Principal Life's petition for removal is that Principal Life filed its notice of removal before Dinkel had been served with the appropriate documents. (ECF No. 9 at 11). This argument does not hold muster.

Principal Life does not dispute that Dinkel had yet to be served with process at the time of Principal Life's filing of the removal notice. (ECF No. 19 at 3). However, binding authority from the Ninth Circuit clarifies that Principal Life did not need to obtain Dinkel's consent *because* he had not been served when Principal Life filed its notice of removal. *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("[o]ur circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves.") (internal citations omitted) (reversed on other grounds) (emphasis added).

This court has ruled in accordance with the Ninth Circuit in a case similar to the instant

matter. *See generally Fortunato v. Countrywide Home Loans, Inc.*, No. 2:12-cv-00360-JCM-PAL, 2012 WL 13055160 (D. Nev. Apr. 6, 2012) (denying plaintiff's motion to remand and finding removal not defective where one defendant filed a notice of removal prior to the other defendant being served).

Although the court can stop its analysis and rest on the binding authority and its prior ruling, it is worth noting that even if removal were defective, plaintiff's motion still would fail. "A procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand to state court." *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011).

Dinkel appeared in this case on August 17, 2023, when he filed his motion to dismiss. (ECF No. 10). He filed his consent to removal on that same date. (ECF No. 11). Dinkel's consent thus cured any alleged defect regarding removal.

Although plaintiff states in its reply that it "withdraws its formal countermotion [to remand] inasmuch as the discrepancies giving rise to this motion have been cured," the court has already established that no discrepancies ever existed, as Principal Life's removal was proper. (ECF No. 23 at 3). The court denies plaintiff's motion to remand.

B.  <u>Principal Life's motion to dismiss</u>

Principal Life posits that the court should grant its motion to dismiss because it is not a contemplated party in the retainer agreement executed by plaintiff and Dinkel.

### i.     **Breach of contract**

Plaintiff alleges that Principal Life breached and continues to breach the retainer agreement by failing to pay the attorney's fees owed pursuant to Dinkel's awarded LTD benefits.

"A breach of contract may be said to be a material failure of performance of a duty arising

- 6 -

under or imposed by agreement." *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987) (citation omitted).  To prevail on a claim for breach of contract, a plaintiff must demonstrate (1) the existence of a valid contract; (2) that the plaintiff performed or was excused from performance; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages.  *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2001); *see also Sierra Dev. Co. v Chartwell Advisory Group, Ltd.*, 223 F. Supp. 3d 1098, 1103 (D. Nev. 2016).

There is no contractual privity between plaintiff and Principal Life.  The retainer agreement was entered into by plaintiff and Dinkel only, not Principal Life.  (ECF No. 1-4 at 4).  The complaint specifically alleges that "[o]n or about October 18, 2011, Defendant KARL DINKEL engaged Plaintiff LAW OFFICES OF CORY J. HILTON to recover monetary benefits through an administrative action . . . ." (*Id.*).  Principal Life was never a party to the retainer agreement, and thus cannot be held liable for breach of contract.  *See Albert H. Wohlers and Co. v. Bartgis*, 969 P.2d 949, 959 (holding that a breach of contract claim fails absent an actual contractual relationship between the parties).

Additionally, the January 23, 2019, settlement pertained to Dinkel's workers' compensation claim.  (ECF Nos. 1-4 at 3-4.)  Principal Life issued Dinkel his LTD policy and was not involved with his workers' compensation claim.  (ECF No. 6-1 at 2).

The argument that Principal Life had contractual privity with plaintiff because Principal Life acted as Dinkel's agent is convoluted, conclusory, and is neither supported by any facts in the record nor legal authority.  (ECF No. 8 at 8-10).  The court grants Principal Life's motion to dismiss as to plaintiff's cause of action for breach of contract.  *See Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").

### ii. *Declaratory relief*

Plaintiff asserts a cause of action against Principal Life for declaratory relief. The court adopts Principal Life's argument that this claim is wholly derivative of plaintiff's claim for breach of contract.

Plaintiff uses the wrong procedural vehicle to bring its claim for declaratory relief. Although plaintiff mistakenly believes that the Nevada Declaratory Judgment Act is applicable to this case, the federal Declaratory Judgment Act indeed applies. *See Krave Ent., LLC v. Liberty Mut. Ins. Co.*, 667 F. Supp. 2d 1232, 1237 (D. Nev. 2009) (ruling that the federal Declaratory Judgment Act applies in cases removed based on diversity jurisdiction).

This court has ruled that the Declaratory Judgment Act does not create a new, independent cause of action. *See Buesing Corp. v. Helix Elec. of Nev., LLC*, No. 2:16-cv-01439-JCM-NJK, 2019 WL 1290857, at *7 (D. Nev. Mar. 20, 2019) (dismissing a claim for declaratory relief "to the extent it purports to create a cause of action.").

Accordingly, plaintiff's claim for declaratory relief is dismissed, as it is derivative of its claim for breach of contract and is improperly asserted as an independent cause of action.

C. Dinkel's motion to dismiss

Regarding Dinkel's motion to dismiss, the court will analyze plaintiff's breach of contract claim only, as the court has established, *supra*, that the Declaratory Judgment Act does not create a new, independent cause of action.

The court need not tarry in its analysis, as the plain language of the retainer agreement makes it readily apparent that the retainer agreement pertained to sums collected from the workers' compensation action against the City of Henderson only, not plaintiff's LTD benefits.

Plaintiff believes it is entitled to 40% of the LTD insurance proceeds issued to Dinkel.

(ECF No. 1-4 at 4).  To determine whether plaintiff is correct in its supposition, the court must turn to the plain language of the retainer agreement, which is the operative document in this case. *See Keife v. Metro. Life Ins. Co.*, 797 F. Supp. 2d 1072, 1075 (D. Nev. 2011) ("[u]nder Nevada law . . .[t]he starting point for the interpretation of any contract is the plain language of the contract.") (internal citations omitted).

The retainer agreement states the following:

> Client retains said LAW FIRM to represent CLIENT as CLIENT'S attorney(s) in a claim or action against City of Henderson, Las Vegas, Nevada and/or whomever may be liable, arising out of an incident which occurred on September 18, 2011.

(ECF No. 6-1 at 106).  Dinkel retained plaintiff to represent him in his workers' compensation claim against the City of Henderson.  (ECF No. 1-4 at 1-2, 3).

The retainer agreement is silent about Dinkel's LTD benefits, which are separate from the workers' compensation claim against the City of Henderson.  Furthermore, the retainer agreement makes no reference to pursuing the proceeds of Dinkel's disability policy issued by Principal Life.

Thus, while the retainer agreement between plaintiff and Dinkel is a contract, Dinkel did not breach the contract, as he is under no obligation to pay plaintiff 40% of his ongoing LTD benefits.  (ECF No. 6-1 at 106-07).  The court grants Dinkel's motion to dismiss as to plaintiff's cause of action for breach of contract.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Principal Life Insurance Company's motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Karl Dinkel's motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED.

1     IT IS FURTHER ORDERED that plaintiff Law Offices of Cory J. Hilton's motion to remand this case to state court (ECF No. 9) be, and the same hereby is, DENIED.

Plaintiff's claims for breach of contract and declaratory relief are dismissed with prejudice.

The clerk is instructed to keep this case open, as defendant Karl Dinkel has a pending counterclaim against plaintiff. (ECF No. 31).

DATED February 28, 2024.

                                                       _____
                                                     UNITED STATES DISTRICT JUDGE