UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAW OFFICES OF CORY J. HILTON,<br><br>          Plaintiff(s),<br><br>  v.<br><br>KARL DINKEL, et al.,<br><br>          Defendant(s). | Case No. 2:23-CV-1151  JCM (NJK)<br><br>ORDER |

   Presently before the court is plaintiff Law Offices of Cory J. Hilton's motion to reconsider. (ECF No. 40).  Defendants Principal Life Insurance Company ("Principal Life") and Karl Dinkel each filed a response (ECF Nos. 43; 44), to which plaintiff replied.  (ECF No. 46).

   For the reasons stated below, the court denies plaintiff's motion for reconsideration.

**I. Background**

   This action arises out of a retainer agreement between plaintiff and Dinkel.  Plaintiff represented Dinkel in his workers' compensation claim against the city of Henderson.  (ECF No. 40 at 3).  Dinkel also has a claim for long-term disability ("LTD") benefits under a policy insured by Principal Life.  (*Id.*).

   The gravamen of plaintiff's complaint is that it is owed 40% of Dinkel's LTD benefits through the parties' retainer agreement.  (ECF No. 1 at 4).  Defendants moved to dismiss plaintiff's complaint (ECF Nos. 6; 10), and the court granted both motions.  (ECF No. 39).  Plaintiff now moves the court to reconsider its dismissal of plaintiff's claims.  (ECF No. 40).

**II. Legal Standard**

   Fed. R. Civ. P. 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality

and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

On one hand, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890. On the other hand, "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1(b).

Thus, the Ninth Circuit has provided that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

**III.    Discussion**

A. <u>Plaintiff fails to present newly discovered evidence.</u>

Plaintiff argues that newly discovered evidence (an email and deposition testimony) proves it is entitled to 40% of Dinkel's LTD benefits. (ECF No. 40). Plaintiff contends that an email between defendants confirms that plaintiff is authorized to speak on Dinkel's behalf for purposes of his LTD benefits. (*Id.*). Plaintiff also argues that Cory Hilton's deposition testimony proves it did not interpret the retainer agreement to be confined only to the workers' compensation litigation. (*Id.*).

The court already considered these arguments, and the substance of the email and deposition testimony in its previous order granting defendants' motions to dismiss (ECF No. 39). *See Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005) (holding that a motion for reconsideration is not an opportunity to "re-litigate the same issues and arguments upon which the court already has ruled"). Plaintiff has not presented newly discovered evidence that

makes reconsideration appropriate.

B. <u>The court's dismissal of plaintiff's claims was not clearly erroneous or manifestly unjust.</u>

Plaintiff also argues that the court erred in finding that it was not entitled to 40% of Dinkel's LTD benefits. (ECF No. 40). The retainer agreement between plaintiff and Dinkel does not mention LTD benefits, and plaintiff still fails to provide any evidence that Dinkel agreed to provide it with 40% of his LTD benefits. To the contrary, Hilton's deposition testimony states that he did not have knowledge of Dinkel's LTD benefits policy until three to five years after the retainer agreement was signed. (*Id.*, Ex. 1 at 39).

Further, the court did not err in denying plaintiff's request for leave to amend its declaratory relief claim. Amendment would have been futile because plaintiff's declaratory relief claim was wholly derivative of its breach of contract claim, which was properly dismissed. *See generally Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

It is inappropriate to ask the court to "think about [an] issue again in the hope that [it] will come out the other way the second time." *Teller v. Dogge*, 2013 WL 508326, at *6 n.6 (D. Nev. Feb. 8, 2013). Plaintiff's motion for reconsideration repeats the same arguments it made in its responses to defendants' motions to dismiss. Plaintiff has not met its burden of proving that the court's dismissal of its claims was clearly erroneous or manifestly unjust.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for reconsideration (ECF No. 40) be, and the same hereby is, DENIED.

DATED October 11, 2024.

_____
UNITED STATES DISTRICT JUDGE